UО



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Reagan S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Mr. Wyche:

Opinion No. O-6613
Re: Whose duty under the law
to issue warrants on the
General Fund, Road and
Bridge Fund, Officers'
Salary Fund, Permanent
Improvement Fund, and
Airport Maintenance Fund;
and related questions.

We have received your recent request for an opinion, quoted as follows:

"Gregg County has a population of 58,027 and a tax valuation, according to the last rendition, of $103,000,000.

"It has been the procedure in this county for the County Clerk to issue all warrants except Jury Fund warrants issued by the District Clerk. The warrants for the Road & Bridge Fund, General Fund, Officers' Salary Fund, Permanent Improvement Fund and Airport Maintenance Fund are issued by the Clerk. Payments on the sinking funds are made by the County Treasurer by the treasurer's check. After the warrants are made out by the County Clerk, they are turned over to the Treasurer who registers said warrants and they are then given to the County Auditor for approval. When the Auditor has registered and approved the warrants, they are returned to the County Clerk who has each person entitled to a warrant, or his representative, sign the stub in order to receive the warrant. In some instances, these warrants are mailed to the persons by the County Clerk.

"There are certain provisions in the Salary Bill that indicate the Auditor is to _issue_ Officers' Salary warrants.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Question: (1) Under the law, whose duty is it to issue the warrants in the General Fund, Road & Bridge Fund, Officers' Salary Fund, Permanent Improvement Fund and Airport Maintenance Fund, the County Clerk or the Auditor?

"(2) Under the facts above stated, who is responsible for loss or non-delivery of a warrant that has been approved by the Auditor and given back to the County Clerk?

"(3-a) Is it the duty of the County Clerk to have the recipient of a warrant sign for delivery of the warrant?

"(3-b) May a warrant be mailed to the recipient without anyone signing for its delivery?

"(4) Has the County Auditor authority to issue and deliver all such warrants?"

Art. 1626, R. C. S. of Texas, provides as follows:

"The funds received by the county treasurer shall be classed as follows, and shall be appropriated, respectively, to the payment of all claims registered in the first, second and third classes:

"1. All jury fees, all money received from the sale of estrays, and all occupation taxes.

"2. All money received under any of the provisions of the road and bridge law, including the penalties recovered from railroads for failing to repair crossings, and all fines and forfeitures.

"3. All money received, not otherwise appropriated herein or by the commissioners court."

Art. 1629, R. C. S. of Texas, provides as follows:

"The commissioners court may cause such other accounts to be kept, creating other classes of

62

funds, as it may deem proper, and require the scrip to be issued against the same and registered accordingly."

Art. 1643, R. C. S. of Texas, provides as follows:

"All warrants or scrip issued against the county treasurer by any judge or court shall be signed and attested by the clerk or judge of the court issuing the same, under his official seal. No justice of the peace shall have authority to issue warrants against the treasury for any purpose whatever, except as provided in the Code of Criminal Procedure."

Art. 3912e, V.A.C.S., provides, in part, as follows:

". . . .

"Sec. 4. In all counties of this State containing a population of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be known as the 'Officers' Salary Fund of _____ County, Texas.' Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses of their offices. Such fund shall be deposited in the county depository and shall be protected to the same extent as other county funds.

". . . .

"Sec. 6. (a) . . . .

"(b) No officer receiving a salary shall hereafter receive any ex officio compensation; provided, however, the Commissioners' Court shall transfer from the General Fund of the county to the Officers' Salary Fund or funds of such county such funds as may be necessary to pay the salaries and other claims chargeable against the same when the monies deposited therein are insufficient to meet the claims payable therefrom.

"(c) Any monies remaining in the Officers' Salary Fund or funds of any county at the end of any fiscal year after all salaries and authorized expenses incurred against said fund for said year shall have been paid may be, by order of the Commissioners' Court, transferred to the credit of the General Fund of the county.

"Sec. 7. All monies drawn from said Officers' Salary Fund or funds shall be paid out only on warrants approved by the county auditor in counties having a county auditor; otherwise all claims against said fund shall first have been audited and approved by the Commissioners' Court of said county and the monies shall be disbursed on such approved claims by warrants drawn by the county treasurer on said fund.

"No warrant shall be drawn on said fund of funds in favor of any person indebted to the State, county or to said fund or in favor of his agent or assignee until such debt is paid.

". . . ."

As all the funds in question are county funds in the custody of the County Treasurer and subject to the lawful orders of the Commissioners' Court, we conclude that, under the authority of Art. 1645, supra, specifying that all warrants issued against the County Treasurer shall be signed and attested by the clerk or judge of the court issuing the same, the Legislature contemplated the issuance of such warrants as these by the County Clerk. See Callaghan, County Judge, v. Salliway, 25 S. W. 857. We have found no authority for same to be issued by the County Auditor. This, we believe, answers your question No. (1).

64

The fact situation presented by your question No. (2) is too general in scope and too speculative to permit an answer. We suggest that when and if such a situation develops, the full facts be presented to us for a categorical answer.

In respect to your question No. (3a-b), we point out that the statutes do not specify any particular mode of delivery of such warrants. We believe the Legislature contemplated that such administrative details be left to the action and good judgment of the officer whose duty it is to issue such warrants, unless otherwise ordered by the court authorizing the issuance of same. In the absence of negligence in delivery, the most practical mode would seem to be satisfactory.

In respect to your question No. (4), we repeat that we find no authority for the County Auditor to issue such warrants, nor do the statutes specify by whom same shall be delivered. We reiterate that it is our belief the Legislature contemplated that such administrative details be left to the action and good judgment of the officer whose duty it is to issue such warrants, unless otherwise ordered by the court authorizing the issuance of same.

Trusting the foregoing fully answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY _Robert L. Lattimore_
Robert L. Lattimore, Jr.
Assistant

RLL:RLT

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN